IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARTIN MCCOY,                  )
                               )
        Petitioner,             )
                               )
    v.                         )   No. 15 C 9885
                               )
RANDY PFISTER,                 )
                               )
        Respondent.             )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Martin McCoy's (McCoy) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 (Section 2254). For the reasons stated below, the Petition is denied.

## BACKGROUND

McCoy was convicted by a jury in state court of first degree murder for running over his estranged wife with a sports utility vehicle and he was sentenced to thirty-five years in prison. McCoy filed an appeal and on July 14, 2009 the Illinois Appellate Court affirmed the conviction. McCoy then filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, and the PLA was denied on May 26, 2010. McCoy then filed a post-conviction petition, which was dismissed. McCoy

1

appealed that ruling, and on April 20, 2015 the Illinois Appellate Court affirmed the dismissal. McCoy then filed another PLA, which was denied on September 30, 2015. On November 2, 2015, McCoy filed the instant Petition, and a memorandum of law in support. Respondent has filed an answer to the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting

2

*Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed McCoy's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, *Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). McCoy asserts in the Petition: (1) that the Illinois Appellate Court erred by allegedly failing to take judicial notice of a void judgment and exception allowing for his supplemental *pro se* filing to be heard (Claim 1), (2) that his conviction and sentence are void because they were allegedly obtained by fraud upon the grand jury, the court, and its jurors (Claim 2), (3) that his trial counsel had a conflict of interest and provided ineffective assistance of counsel (Claim 3), (4) that his post-conviction petition appellate counsel had a conflict of interest and provided ineffective assistance of counsel (Claim 4), (5) that his due process rights were violated by law enforcement (Claim 5), and (6) that the Illinois Appellate Court erred by concluding that McCoy had not met his burden to show ineffective assistance of counsel (Claim 6).

I.  Claim 1

As indicated above, McCoy contends that the Illinois Appellate Court erred

during the post-conviction proceedings by allegedly failing to take judicial notice of a void judgment and exception allowing for his supplemental *pro se* filing to be heard. The Seventh Circuit has made clear that an assertion that a state court "failed to comply with its post-conviction procedures would not raise a cognizable federal habeas claim." *Resendez v. Smith*, 692 F.3d 623, 628 (7th Cir. 2012). Therefore, Claim 1 is a non-cognizable claim for habeas relief. The court also notes that even if Claim 1 were a cognizable claim it lacks any merit.

II. Claim 2

As indicated above, McCoy contends in Claim 2 that his conviction and sentence are void because they were allegedly obtained by fraud upon the grand jury, the court, and its jurors. Specifically, McCoy contends that the prosecution presented perjured testimony and that the state court lacked the "authority to render judgment" and lacked jurisdiction. (DE 6: 11, 23). Assertions concerning the authority of state courts involve questions of state law and are not cognizable claims on federal habeas review. *See McCloud v. Deppisch*, 409 F.3d 869, 874 (7th Cir. 2005)(stating that "[s]tate law errors normally are not cognizable in habeas proceedings"); *see also Hughes v. Ashby*, 2014 WL 414321, at *3 (N.D. Ill. 2014)(stating that "jurisdiction is conferred upon the Illinois state courts by the Illinois state constitution" and that "the issue of the jurisdiction of the trial court was purely an issue of state law"); *United States ex rel. Brown v. Chandler*, 2013 WL 6198182, at *6 (N.D. Ill. 2013)(stating that the habeas claim was "non-cognizable,

because it alleges only a state law error, namely, that the state trial court lacked jurisdiction"). Therefore, Claim 2 is a non-cognizable claim for habeas relief. The court also notes that even if Claim 2 were a cognizable claim it is factually baseless based on the record and lacks any merit.

III. Claim 4

As indicated above, McCoy contends in Claim 4 that his post-conviction petition appellate counsel had a conflict of interest and provided ineffective assistance of counsel. Although McCoy makes vague references in his filings to his "appellate counsel" it is clear by his references to his *pro se* filings and the dates of the filings of his appellate counsel that he is referring to his appellate counsel for the appeal during his post-conviction petition proceedings. (DE 6: 11-17). Section 2254 specifically provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C.§ 2254(i). Therefore, Claim 4 is a non-cognizable claim for habeas relief. The court also notes that even if Claim 4 were a cognizable claim, it is factually baseless based on the record and lacks any merit.

IV. Claim 6

As indicated above, McCoy contends in Claim 6 that the Illinois Appellate Court erred by concluding that McCoy had not met his burden to show ineffective

assistance of counsel. Again, based upon McCoy's references to the record and dates, it is apparent that McCoy is referring to his appellate counsel for the appeal during his post-conviction petition proceedings. As indicated above, Section 2254 does not provide relief to pursue such an ineffective assistance of counsel claim. Nor can a petitioner circumvent that rule by restating the same claim to assert an error by the state court in not finding an ineffective assistance of counsel. Regardless, the record clearly reflects that the claim has no merit and does not indicate that McCoy received ineffective assistance of counsel. *See Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984))(explaining elements for an ineffective assistance of counsel claim and stating that a "movant must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

## V. Claim 3

Respondent argues that Claim 3 is procedurally defaulted in part and that the entire claim lacks any merit. As indicated above, McCoy argues in Claim 3 that his trial counsel had a conflict of interest and provided ineffective assistance of counsel. Specifically, McCoy argues that his trial counsel failed to investigate his custodial statements to police and to an Assistant State's Attorney (ASA) and failed to move to suppress the statements on the basis that they were coerced.

### A. Statements Made to ASA

Respondent argues that the portion of Claim 3 relating to the statements made to the ASA is procedurally defaulted. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

The record reflects that McCoy did not raise the ASA portion of Claim 3 on his direct appeal. (R Ex. B, 1). The record also shows that McCoy failed to raise that portion of Claim 3 in his post-conviction petition. (R Ex. G, Par. 28). Therefore, the portion of Claim 3 relating to the statements made to the ASA is

7

procedurally defaulted since McCoy failed to raise that portion of Claim 3 through one complete round of the state court appellate review process.

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of that portion of Claim 3. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, McCoy has not provided facts showing that he was prevented from properly presenting the portion of Claim 3 relating to the statements made to the ASA in the state system in order to avoid the procedural default. McCoy has not shown cause and prejudice. Nor has McCoy shown actual

innocence or a fundamental miscarriage of justice that would excuse the procedural default.

### B. Merits of Claim 3

Respondent also argues that Claim 3 lacks any merit. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt*, 574 F.3d at 457-58 (citing *Strickland*, 466 U.S. at 687-88. The record shows that McCoy's counsel acted within the scope of effective assistance of counsel when making the strategic decision not to move to suppress the statements. Although McCoy now asserts that would have been the proper course, the record reflects ample strategic reasons to decide that it was not in McCoy's best interests to pursue such a motion or to investigate the issue further. *See Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008)(stating that a court reviewing a Section 2255 motion "shall not second-guess strategic decisions that were arguably appropriate at the time but that hindsight has revealed to be unwise"). The Illinois Appellate Court also correctly concluded that even if the statements had been suppressed, there was no likelihood that it would have altered the outcome of the trial. (R Ex. G, 11). There was ample evidence, including for example, the testimony of three eyewitnesses, which was sufficient to convict McCoy. Thus, Claim 3 lacks any merit.

VI.  Claim 5

Respondent argues that Claim 5 is procedurally defaulted.  As indicated above, McCoy asserts in Claim 5 that his due process rights were violated by law enforcement.  Specifically, McCoy contends that his due process rights were violated because law enforcement allegedly coerced his confession.  The record reflects that McCoy did not raise Claim 5 on his direct appeal.  (R Ex. B, 1).   The record also shows that McCoy failed to raise Claim 5 in his post-conviction petition or in any properly filing on appeal during his post-conviction proceedings.  (R Ex. H, 1); (R Ex. O); (R Ex. R).  Thus, Claim 5 is procedurally defaulted.  McCoy has not provided facts showing that he was prevented from properly presenting Claim 5 in the state system in order to avoid the procedural default.  McCoy has not shown cause and prejudice.  Nor has McCoy shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.  In addition, even if Claim 5 were not procedurally defaulted the record shows that Claim 5 lacks any merit.  Based on the above, the Petition is denied.

VII.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.*  A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must also show that "reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, McCoy has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has McCoy shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should McCoy decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 7, 2016